## Gregg Township Roads.

*Road law — Townships — Debt — Tax to pay debt—Misconduct of supervisors.*

1. An order directing supervisors to levy an extra tax to pay a debt contracted for construction of roads will not be vacated where it appears that all current revenues are necessary for keeping the roads in repair.

2. In passing upon such a question, the court will not take into consideration whether the supervisors were guilty of official misconduct in contracting the debt.

Petition of citizens for rule to show cause why additional tax of 5 mills should not be disallowed. Q. S. Union Co., March Sess., 1922, No. 1.

*W. R. Follmer*, for rule; *P. B. Linn* and *A. W. Johnson*, contra.

POTTER, P. J., June 3, 1922.—On Feb. 17, 1922, a petition was presented to court by the Supervisors of Gregg Township, *inter alia*, praying the court to make an order allowing an additional millage of 5 mills to be laid, the regular rate being already fixed at 10 mills, that the said township had incurred a debt of $6100, that the tax derived from the rate of 10 mills was necessary for the upkeep of the roads in said township, and that no funds either were or would be available with which to pay off the said debt of $6100.

After due consideration, we made the order allowing the supervisors of said township to lay an additional tax of 5 mills, as was represented to us, to be used towards the payment of the said debt.

On April 17, 1922, a petition was presented to us, praying for a rule upon the said supervisors to show cause why the said order allowing an additional

tax of 5 mills should not be vacated, this petition coming from citizens of said township.

On April 28, 1922, the answer of the supervisors to the rule was filed.

On May 25, 1922, the rule was heard, testimony was taken on it, and the case is now before us for disposition.

We are asked to vacate the order of Feb. 17, 1922, allowing the additional tax of 5 mills.

The citizens of Gregg Township duly elected the Board of Road Supervisors to their respective offices. They must have had confidence in their integrity and business ability so to do. If any of them are in any manner guilty of official misconduct, any citizen aggrieved can pursue the legal remedy against them, or the township auditors can surcharge them for illegal expenditures of money, there being at least two remedies to be pursued. Neither of them seems to have been adopted.

In this instance we have a debt as a legal obligation resting on this township of $6100. We have the statements of the supervisors that the 10 mills tax is all needed to keep up the forty-seven miles of road in this township. How, then, will the debt be paid, as well as the interest accruing annually of $366? In the judgment of the court, the supervisors went too far in incurring a debt of $10,000 in one year with an income of only $3400 or thereabouts. To say the least about it, it was not good housekeeping; but that does not cure the evil. How is the debt to be paid—and it must be paid—if no funds are available for that purpose? The law is emphatic in its declaration that the roads must be kept up for the traveling public. There is no way of getting away from this fact. Then if, in compliance with the law, the roads are kept up and all the funds are used for this purpose, what is going to become of this debt?

We are not here for the purpose of passing upon the fact as to whether these supervisors were guilty of official misconduct, and it is not within our province to say either yea or nay to this inquiry. A jury trial in a criminal court is the proper tribunal to pass upon this question. But whether they were extravagant or not, or whether or not they have been guilty of official misconduct in the expenditure of the township funds, the bald fact remains that this township owes $6100 that must be paid.

Witnesses have testified as to how, in their respective opinions, the business affairs of this department of the township ought to be conducted; but the supervisors, whom these same witnesses elected to office, are the ones to manage the business pertaining to the public roads in Gregg Township. We have the greatest respect for their opinions, but, during their respective terms of office, these same supervisors have the business of this township in their keeping, and must attend to the upkeep of the roads as well as pay off this debt as speedily as possible. We can see only one way out of the difficulty, and that is to allow the additional 5-mill tax to stand, the same to be applied towards the extinguishment of the debt of $6100 and interest thereon only, and no part of it to be used for any other purpose. We do not want to impose any burdens or hardships upon this township. We do want to help them to get out of debt, and this is the only way of so doing, in our judgment.

And now, to wit, June 3, 1922, the rule to show cause is discharged, the additional tax of 5 mills is allowed to stand, the money derived from it to be used exclusively towards the payment of the debt of $6100 now resting on Gregg Township and the annual interest on it, and when this obligation is paid, the additional tax of 5 mills to automatically cease.

From Charles P. Ulrich, Selins Grove, Pa.